**IN THE UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE NASHVILLE DIVISION**

| | | |
|---|---|---|
| **NICOLE DELUCIA-ROITMAN and DARREN CHANG, individually and on behalf of all others similarly situated,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**NISSAN NORTH AMERICA, INC., et al.,**<br><br>**Defendants.** | ) | **NO. 3:26-cv-00014**<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY** |
| **KATIE SMITH, individually and on behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**NISSAN NORTH AMERICA, INC.,**<br><br>**Defendant.** | ) | **NO. 3:26-cv-00089**<br><br>**JUDGE CAMPBELL**<br>**MAGISTRATE JUDGE FRENSLEY** |

**ORDER**

This matter, having come before the Court by Plaintiffs in the above-captioned *Delucia-Roitman, et al.* and *Smith* matters, by their Motion to Consolidate Cases Pursuant to Fed. R. Civ. P. 42(a) and Appoint Interim Co-Lead Counsel Pursuant to Fed. R. Civ. P. 23(g) ("Motion"), and supporting materials, and the Court having read the papers, and Defendants' response indicating no opposition, it is hereby **ORDERED** that the Motion (*Delucia-Roitman,* Doc. No. 20; *Smith*, Doc. No. 18) is **GRANTED**.

**IT IS FURTHER ORDERED** as follows:

1. The *Delucia-Roitman* and *Smith* actions currently pending in this District and any other action arising out of the same or similar operative facts now pending or hereafter filed in,

removed to, or transferred to this District shall be consolidated for pre-trial purposes pursuant to Rule 42(a) before the Honorable William L. Campbell, Jr. (hereafter the "Consolidated Action").

2. All papers filed in the Consolidated Action shall be filed under Case No. 3:26-cv-00014, which shall be the Master Docket.

3. Any action subsequently filed in, transferred to, or removed to this Court that arises out of the same or similar operative facts as this Consolidated Action will be consolidated with it for pre-trial purposes. The parties shall file a notice of related action whenever a case that should be consolidated into this action is filed in, transferred to, or removed to this District. If the Court determines that the case is related, the following procedures shall apply:

a. Subsequent related actions filed prior to the close of the pleadings and resolution of Rule 12 motions in the Consolidated Action will be consolidated into the Consolidated Action and the Clerk will be directed to administratively close the caption for that case.

b. Subsequent related actions filed after the close of the pleadings and resolution of Rule 12 motions in the Consolidated Action will be consolidated and the case administratively closed after resolution of a Rule 12 motion, should Defendants file one.

c. This provision shall not alleviate the requirement that Plaintiff in any such subsequently filed action properly effectuate service of process upon, and have personal jurisdiction over, all named Defendants, nor shall it impair or in any way affect the rights of any Defendant to seek dismissal of any such action or claims on any grounds.

5. The Court hereby appoints Benjamin F. Johns of Shub Johns & Holbrook LLP, Andrew W. Ferich of Ahdoot & Wolfson, PC, and Timothy N. Mathews of Chimicles Schwartz Kriner & Donaldson-Smith LLP and as Interim Co-Lead Counsel to act on behalf of the Plaintiffs and the putative class with the responsibilities set forth below:

a. Determine and present (in briefs, oral argument, or such other fashion as may be appropriate, personally or by a designee) to the Court and opposing parties the position of the Plaintiffs on all matters arising during pretrial proceedings;

b. Coordinate the initiation and conduct of discovery on behalf of Plaintiffs and the class consistent with the requirements of the Federal Rules of Civil Procedure;

c. Convene meetings amongst counsel;

d. Conduct settlement negotiations on behalf of Plaintiffs and the putative class;

e. Delegate tasks to members of the leadership team—including other plaintiffs' counsel—as needed and appropriate in a manner to ensure that pretrial preparation for Plaintiffs and the putative class is conducted efficiently and effectively;

f. Negotiate and enter into stipulations with opposing counsel as necessary for the conduct and efficient advancement of the litigation;

g. Monitor the activities of all counsel to ensure that schedules and litigation deadlines are being met and unnecessary expenditures of time and funds are avoided;

h. Perform such other duties as may be incidental to the proper coordination of Plaintiffs' pretrial activities or authorized by further order of this Court;

i. Serve as the primary contact for communications between the Court and any other plaintiffs' counsel;

j. Ensure that all notices, orders, and material communications are properly distributed (to the extent that they are not otherwise served via the Court's electronic filing system);

k. Communicate with defense counsel as necessary to promote the efficient advancement of this litigation; and

l. Perform all other duties or tasks as are necessary to the prosecution of this matter on behalf of the putative Class.

6. Unless otherwise Ordered by the Court, any additional plaintiffs' counsel in any related action will do all work in this litigation only at the direction of Interim Co-Lead Class Counsel. No motion, request for discovery, or other pretrial proceedings shall be initiated or filed by any plaintiff except through Interim Co-Lead Class Counsel and no other plaintiffs' counsel or firm shall be authorized to perform any work in the case without the express authorization of Interim Co-Lead Class Counsel.

7. Interim Co-Lead Class Counsel shall have sole authority to communicate with Defendant's counsel and the Court on behalf of any Plaintiff unless that authority is expressly delegated to other counsel. Defendant's counsel may rely on all agreements made with Interim Co-Lead Class Counsel, and such agreements shall be binding on all other Plaintiffs' counsel.

8. Only Interim Co-Lead Counsel may negotiate or enter a settlement on behalf of Plaintiffs and the putative class.

9. This Order is without prejudice to any argument(s) that Defendants may make concerning Plaintiffs' ability to maintain this matter as a class action pursuant to Fed. R. Civ. P.

10. Unless otherwise ordered by the Court upon a showing of good cause, this Order shall apply to the above-captioned matters, any action filed in, transferred to, or removed to this Court which relates to the subject matter at issue in this case, and shall apply to all actions included in Case No. 3:26-cv-00014 and subsequently transferred tag-along actions. Interim Co-Lead Counsel are to serve a copy of this Order and all future orders on counsel for the parties in any related action that they become aware of which is not yet consolidated into this consolidated proceeding.

11. Plaintiffs in the Consolidated Action shall file an operative, Consolidated Class Action Complaint within 45 days of this Order. Nissan North America, Inc. ("Nissan") will respond to that Consolidated Class Action Complaint within 45 days after it is filed. Both Defendants are relieved from responding to the complaints initially filed in the *Delucia-Roitman* and *Smith* matters. To the extent that Nissan files a motion directed at the Consolidated Class Action Complaint that requires a response by the Plaintiffs, Plaintiffs will file that response within 30 days. Nissan may then file a reply within 21 days.

It is so **ORDERED**.

Dated: April 1, 2026

William L. Campbell Jr.
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE